UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

vs.

VAN TURNBOE,

        Defendant-Appellant.

_____/

Case No.
10-MC-50147

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

## OPINION AND ORDER AFFIRMING THE FINAL JUDGMENT OF MISDEMEANOR CONVICTION ENTERED BY THE MAGISTRATE JUDGE ON JANUARY 20, 2010

### I. INTRODUCTION

This is an appeal of a misdemeanor criminal conviction. On August 5, 2009, Defendant-Appellant Van Turnboe was issued a citation for disorderly conduct at the VA Medical Center in Detroit. Following a bench trial before United States Magistrate Judge Mark A. Randon, Van Turnboe was found guilty of disorderly conduct, 38 C.F.R. § 1.218(a)(5),[1] and sentenced to a $250 fine. Final judgment was entered by Magistrate Judge Randon on January 20, 2010. Van Turnboe appeals, challenging the sufficiency of the evidence.

Van Turnboe was represented by Federal Defender Loren Khogali during trial. Van Turnboe filed a timely notice of appeal. On March 29, 2010, after the commencement of this appeal, Ms. Khogali filed a motion to withdraw as counsel, *see* docket entry 4, which was granted by the Court.

---

[1] Section 1.218(a)(5) prohibits "the use of loud, abusive, or otherwise improper language" on VA property.

1

*See* docket entry 8. The Court determined that Van Turnboe is not further entitled to court-appointed counsel since he has not been sentenced to a term of imprisonment. *See Scott v. Illinois*, 440 U.S. 367 (1979). Accordingly, Van Turnboe is proceeding *pro se* on appeal.

Van Turnboe has filed a letter document addressed to the Court, entitled "**Fighting for my life**," which the Court has construed as his brief on appeal. *See* docket entry 9. The government has filed a response brief. *See* docket entry 10. This matter is fully briefed and ready for decision. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court finds that oral argument is unnecessary.

## II. JURISDICTIONAL STATEMENT

This Court has jurisdiction over this matter pursuant to 18 U.S.C. § 3402 ("[i]n all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed").

## III. LEGAL STANDARD

As stated by the United States Supreme Court, in a sufficiency of evidence challenge to a conviction,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The Court further explained:

> This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

*Id*. (emphasis in original). Thus, as the Sixth Circuit has recognized, "a defendant claiming

insufficiency of the evidence bears a heavy burden." *United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir. 1998).

## IV. ANALYSIS

Van Turnboe's sufficiency of evidence challenge is foreclosed by the Sixth Circuit's decision in *United States v. Williams*, 1990 WL 811, 892 F.3d 1044 (6th Cir. Jan. 8, 1990) (unpublished) (per curiam). There, the Sixth Circuit upheld the disorderly conduct conviction of the defendant, who was loudly using curse words in the admitting area of a VA hospital, thereby distracting and frightening others. *Id.* at **1, 3.

Here, testimony elicited at trial reflects that Van Turnboe shouted, while on the phone with the Administrator Office of the Day: "I was on your damn list this morning." Tr. 15.[2] Van Turnboe then "slammed down" the telephone and, in the presence of others, said to Ronald Wolfe, a VA employee working in the Transportation Unit: "You m..... f..... you got me running around here like I'm your damn slave to get a ride home." Tr. 11, 16. These statements were made "loud enough to stop people" and cause people in the vicinity to "turn[] around and tak[e] notice." Tr. 16. Further, Wolfe testified that he did not feel safe giving Van Turnboe a ride home as a result of Van Turnboe's behavior, and that Wolfe was concerned for his physical safety. Tr. 18-20.

Based on the text of 38 C.F.R. § 1.218(a)(5) and the Sixth Circuit's interpretation thereof in *Williams*, the Court finds that Wolfe's testimony, alone, is more than sufficient to support a conviction for disorderly conduct under § 1.218(a)(5).

In addition to the testimony of VA Driver Wolfe, the Court notes the trial testimony of Administrator Office of the Day Sherry Clossum, who testified that she observed Van Turnboe

---

[2] The trial transcript has been filed by the government in this matter. *See* docket entry 11.

"irate," "very belligerent," "very loud," "yelling," and that he "creat[ed] a scene." Tr. 43. Moreover, Clossum "was tempted to press the panic button." Tr. 44. Clossum's testimony, by itself, is also sufficient to support a conviction under § 1.218(a)(5).

Van Turnboe testified during trial and denied much of the testimony elicited from Wolfe and Clossum. Tr. 110-112. However, Magistrate Judge Randon, sitting as the factfinder, found "Mr. Wolfe's testimony more credible than the defendant's." Tr. 140. Magistrate Judge Randon further found as follows:

> the Court does find that the defendant did curse out Mr. Wolfe in a loud and disruptive manner. . . . The Court finds that the government has met its burden of proof beyond a reasonable doubt that plaintiff created a loud noise at the VA Hospital in Detroit, Michigan in violation of 38 CFR Section 1.21885, and so concludes as a matter of law in finding the defendant guilty as charged.

Tr. 140-141. Magistrate Judge Randon's ruling is contained on pages 137-141 of the trial transcript.

In accordance with *Jackson*, the Court "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony." 443 U.S. at 319. Viewing the evidence in the light most favorable to the government, the Court concludes that a rational trier of fact could have found Van Turnboe guilty of using "loud, abusive, or otherwise improper language" on VA property. *See* 38 C.F.R. § 1.218(a)(5). In addition, Van Turnboe's sufficiency of evidence challenge is foreclosed by *Williams*, a case in which the sufficiency of evidence challenge of a defendant who engaged in equally aggressive or less aggressive behavior was upheld on appeal.

## V. CONCLUSION

For the reasons stated above, the final judgment of Magistrate Judge Randon, entered on January 20, 2010, is affirmed.

SO ORDERED.

s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: July 12, 2010

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 12, 2010.


                                        s/Denise Goodine
                                        Case Manager